## WALKER v. CITY SERVICE TAXI & BUS.

### No. 2023.

Court of Civil Appeals of Texas. Eastland.

June 7, 1940.

Rehearing Denied June 28, 1940.

Cox & Hayden, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

LESLIE, Chief Justice.

This is a suit by Mrs. Lurline Walker to recover damages against the City Service Taxi & Bus operated by O. B. Fielder. She alleged that while she was a passenger on the defendant's bus the spindle on the right front axle broke, injuring her in the knee, leg, and other parts of the body. The defendant answered by general denial, and specially alleged that the bus had been and was then in good condition, was regularly and properly inspected, and that the injury, if any, to the defendant resulted from a hidden defect concealed in the spindle and could not have been prevented in the exercise of ordinary care, or such degree of care under the circumstances as was required of a common carrier to a passenger.

The trial was before the court and jury, and at the conclusion of the testimony the court instructed a verdict in favor of the defendant and entered judgment accordingly.

The correctness of this ruling and judgment is challenged by various assignments of error. They are to the effect (1) that it was error to peremptorily instruct the jury because there were issues of fact under the pleadings and the testimony which should have been submitted to the jury, (2) that the breaking of the spindle which caused the injury was due to the negligence of the driver in running over a stop sign about two inches high situated in the middle of North 3rd Street into which the driver turned the bus at a sharp angle as he passed out of Grape Street, (3) that the injuries complained of were proximately caused by the negligence of the driver in permitting the bus to get out of his control immediately prior to the accident, thereby running over the stop sign and breaking the spindle, (4) that defendant negligently failed to furnish a reasonably safe bus for the transportation of the plaintiff, (5) that the defendant negligently failed to properly inspect the bus for defects in the spindle, etc., before undertaking to transport the plaintiff, (6) that the

plaintiff was guilty of negligence in driving the bus at the time of the accident and just prior thereto at a high rate of speed dangerous under the circumstances, and (7) the court erred in overruling the motion for a new trial on grounds of newly discovered evidence.

The case is well briefed in this court. There are various propositions under the assignments of error, and our attention has been specifically directed to the different phases of the testimony upon which the appellant predicates each of the above contentions. The testimony bearing upon each has been segregated and set forth in the brief. This we have considered, and in addition we have carefully read the entire statement of facts. After so doing, we have reached the definite conclusion that the trial court correctly appraised the testimony and properly directed the verdict in favor of the defendant.

In support and justification of our conclusions, we have been much inclined to set forth the testimony upon which the appellant relies to establish his contentions; but to do so would prolong this opinion much beyond reasonable bounds, and it would serve no useful purpose to the profession or the judiciary. As for the litigants, their attorneys are already well familiar with the details of the testimony and the applicable rules of law are fundamental. Hence, we content ourselves with the expression of definite conclusions derived from a study of the evidence as a whole, and refrain from a detailed statement of it in the opinion.

Taking the plaintiff's testimony as true and the testimony generally in the light most favorable to the plaintiff, we are of the opinion that there is no evidence to establish the essential allegations of negligence and liability therefor.

Further, if there be found any statement in the testimony tending to suggest negligence upon the part of the defendant in the respects alleged, we are of the opinion that such statements, if any, go no further than to raise a mere speculation or surmise concerning such alleged negligence, and therefore fall within the scintilla rule, amounting to no testimony at all. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

We believe the assignment raising the question of newly discovered evidence to be without merit. In its essential nature, it would be cumulative and would have amounted to no more than the opinion or inference of a mechanic based on inspection of the broken end of the spindle. Nothing about that feature of the accident was concealed or withheld by the defendant, and when this mechanic was on the stand testifying, the plaintiff's attorney asked if he (mechanic) ever saw the spindle after it came to the shop, whereupon the attorney for defendant in open court stated, "We have it, if you want it." It does not seem to have been called for. Further, the plaintiff's son, himself a mechanic, took with him the witness Leroy Kilpatrick and inspected the broken spindle part of the axle and evidently could have inspected the other part of the spindle in the wheel had he cared to do so. Apparently, anyone at the insistence of either litigant could have made such inspection had it been deemed of sufficient importance. The accident occurred in November, 1938, and this trial took place in the April term, 1939. The part of the spindle was then available. Considering all the circumstances, the trial court did not err in refusing a new trial on this ground.

For the reasons assigned, the judgment of the trial court is affirmed.